**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID A. SPIEKER, JR. | ) | CASE NO.   1:14-CV-00723 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|    Acting Commissioner of | ) | |
|    Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | **(Doc. No. 7)** |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely. (Doc. No. 7.) For the reasons set forth below, the Magistrate Judge recommends that Defendant's Motion to Dismiss be GRANTED.

## I. Background

On April 2, 2014, Plaintiff David Spieker ("Plaintiff") filed his Complaint against the Commissioner of Social Security ("Commissioner"). (Doc. No 1.) The Commissioner's Answer was due June 20, 2014. On June 17, 2014, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint as Untimely. (Doc. No. 7.) The court ordered Plaintiff to file a response to Defendant's motion on or before Tuesday, July 8, 2014. (Doc. No. 8.) Plaintiff has failed to comply with the Court's Order, as he has not filed a response to Defendant's motion to dismiss.

In her Motion to Dismiss, the Commissioner argues that the Court should dismiss Plaintiff's Complaint because it was untimely filed. The Commissioner recited the

following facts, which Plaintiff has not disputed. On July 14, 2008, Plaintiff protectively filed an application for Disability Insurance Benefits (DIB). The Agency denied his application initially and on reconsideration. On April 23, 2009, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). On October 19, 2010, ALJ Thomas M. Randazzo held Plaintiff's hearing. On January 18, 2011, ALJ Randazzo found Plaintiff not disabled. On May 22, 2012, the Appeals Council declined Plaintiff's request for review of the ALJ's decision, rendering it the final decision of the Commissioner. That same day, the Appeals Council sent notice of its decision by mail to Plaintiff and to Plaintiff's representative. The notice of the Appeals Council's denial informed Plaintiff and his representative of the right to commence a civil action within 60 days of receipt.

Plaintiff filed a civil action in this Court, Case No. 1:12-cv-01949, on July 26, 2012. On December 6, 2012, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's claim without prejudice for failure to perfect service on all parties in a timely manner. Plaintiff did not object to the R&R, and on March 20, 2013, District Court Judge Nugent issued an Order adopting the R&R and a Judgment Entry dismissing Plaintiff's case with prejudice. On April 3, 2012, the Court issued an Amended Order and Judgment dismissing Plaintiff's case *without* prejudice.

Plaintiff filed the instant civil action on April 2, 2014. (*See* Doc. No. 1.) In his Complaint, Plaintiff acknowledged that: (1) the Appeals Council declined review of the ALJ's decision on May 22, 2012; (2) Plaintiff had previously brought a civil action in this Court on July 26, 2012; and (3) this Court dismissed Plaintiff's Complaint on April 3,

2

2013. Plaintiff added that he "now brings this action within one (1) year as required by law."[1] (Doc. No. 1.) The Commissioner maintains that Plaintiff's Complaint is untimely, and that there is no such law allowing Plaintiff to bring his claim "within one year" of the dismissal of his previous action.

## II. Discussion

Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), sets forth the time limitation for commencing a civil action, providing in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a *civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.
> * * *
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

---

[1] Plaintiff did not cite to any legal authority in making this statement. The Ohio savings statute provides that "[i]n any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the original applicable statute of limitations, whichever occurs later." O.R.C. § 2305.19(A). The Ohio statute does not apply here, however, because the 60-day limitation found in the Social Security Act is a federal statute of limitations for a purely federal claim.

(Emphasis Added). As the Act provides, a civil action to review a final decision of the Commissioner must be "commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." *Id.* The Commissioner has interpreted "mailing" as the date the claimant receives notice of the Appeals Council's denial of request for review. *See* 20 C.F.R. §§ 416.1481, 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See id*.

Here, Plaintiff's case is barred by the 60-day limitation period specified in the Act, as he did not file his complaint until April 2, 2014, nearly two years after the Appeals Council declined review on May 22, 2012. In her motion to dismiss, the Commissioner introduced evidence that Plaintiff had never contacted the Appeals Council to ask for an extension of time to file an action in federal district court. (Declaration of Patrick Herbst, Doc. No. 7-1 at 3.) Plaintiff has offered no explanation for filing this action well beyond the time period required for challenging the Commissioner's final decision. As the Commissioner notes, the Sixth Circuit has held that a dismissal without prejudice does not toll the 60-day limitations period provided in the Act. *Bomer v. Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962) (holding that there was no right to review an adverse administrative ruling on a social security claim where the action was not brought within 60 days and that the period during which the prior action, dismissed without prejudice, was pending could not be deducted so as to give right to review.) As Plaintiff has failed to comply with this Court's order to respond to the Commissioner's Motion to Dismiss (Doc. No. 8), he has not provided any extraordinary circumstances that would justify extending the 60-day period. Accordingly, Plaintiff's Complaint should be dismissed as untimely.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely be GRANTED.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: July 21, 2014

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**